IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AK-BBN CORPORATION,               ) | |
|                                                        ) | |
|       **Plaintiff,**     ) | |
| vs.                                                 ) | No. 3:13-CV-0134-O-BH |
|                                                        ) | |
| BLACK HORSE ENERGY LLC    ) | |
|                                                        ) | |
|       **Defendant.**  ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to order of reference dated February 14, 2013, this case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Based on the relevant filings and applicable law, Defendant Black Horse Energy LLC's defenses should be **STRICKEN,** and the Court should find it to be in default.

### I. BACKGROUND

On January 11, 2013, Plaintiff AK-BBN Corporation (Plaintiff), filed this case against Black Horse Energy LLC (Defendant). (*See* doc. 1.) On February 14, 2013, a *pro se* individual purported to file an answer on behalf of Defendant, a limited liability company, in his capacity as its "CEO." By order dated February 15, 2013, the individual was advised:

> The individual filing the answer in this case does not appear to be a licensed attorney. The corporate defendant must appear through licensed counsel within twenty days from the date of this order. If licensed counsel has not entered an appearance on behalf of the corporate defendant within that time, its defenses may be stricken without further notice, and the Court may conduct further proceedings in accordance with the law, including but not limited to, entry of an order of default and/or default judgment.

(*See* doc. 10.) More than twenty days since the date of the order have passed, and no counsel has entered an appearance on behalf of Defendant.

## II. ANALYSIS

In the federal courts of the United States, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. It is well-established that although individuals have the right to represent themselves or proceed *pro se* under this statute, corporations are fictional legal persons who can only be represented by licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004) (*per curiam*) (citing *Rowland* and *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (*per curiam*)); *Southwest Express Co., Inc. v. Interstate Commerce Commission,* 670 F.2d 53, 54-56 (5th Cir. 1982). "This is so even when the person seeking to represent the corporation is its president and major stockholder." *In re K.M.A., Inc.,* 652 F.2d 398, 399 (5th Cir. 1981) (citation omitted). When a corporation declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant. *See Donovan,* 736 F.2d at 1005.

The rationale for this long-standing rule applies equally to "all artificial entities", such as partnerships and associations. *Rowland*, 506 U.S. at 202. As a cross between a corporation and a partnership, a limited liability company is also an artificial entity that may only appear in federal court through licensed counsel. *See U.S. v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008)*; Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (*per curiam*); *Roscoe v. U.S.*, 134 Fed. App'x 226, 227 (10th Cir. 2005); *see also Lan Wu v. Frost Nat. Bank*, 3:12-cv-772-M, 2012 WL 1549515 (N.D. Tex. Apr. 5, 2012); *Walker v. Allianz Life Ins. Co.*, 3:08-CV-2051-M, 2009 WL 1883418, at *3 (N.D. Tex. June 30, 2009).

Here, Defendant's CEO has been specifically advised that a corporate defendant may only be represented by licensed counsel, and that the lack of an entry of appearance by counsel on

Defendant's behalf within twenty days would result in a recommendation that its defenses be stricken and that further proceedings be conducted in accordance with the law, including but not limited to, entry of an order of default and/or default judgment. Because no attorney has entered an appearance on behalf of Defendant in this case, it has failed to make an appearance in or otherwise defend this action.

### III.  RECOMMENDATION

The Court should strike Defendant's defenses, find it to be in default, and advise Plaintiff that it is entitled to move for default judgment against it, unless licensed counsel enters an appearance on its behalf within the fourteen-day time for filing objections to this recommendation.

**SO RECOMMENDED on this 8th day of March, 2013.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE