**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **AK-BBN CORPORATION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | No. 3:13-CV-0134-O-BH |
| ) | |
| **BLACK HORSE ENERGY LLC** ) | |
| ) | |
| **Defendant.** ) | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By order of reference dated February 14, 2013, this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED** without prejudice.

## I. BACKGROUND

On January 11, 2013, Plaintiff AK-BBN Corporation (Plaintiff) filed this case against Black Horse Energy LLC (Defendant). (*See* doc. 1.) On February 14, 2013, a *pro se* individual purported to file an answer on behalf of Defendant, a limited liability company, in his capacity as its "CEO." By order dated February 15, 2013, the individual was advised that he could not represent the company *pro se*, and that licensed counsel must make an appearance on its behalf. (*See* doc. 10.) On March 22, 2013, counsel filed an answer on behalf of Defendant. After the parties submitted their proposals, a scheduling order was issued on February 24, 2013. (*See* docs. 17-18, 20.)

On February 24, 2014, Plaintiff's counsel moved to withdraw from representation of Plaintiff due to a conflict of interest. (*See* doc. 21.) The motion provided the name of Plaintiff's principal, an individual, as its contact person for purposes of this litigation. *Id.* After counsel filed an amended motion that complied with the local rules, the motion was granted on March 17, 2014, and

Plaintiff's counsel were relieved of their duties of representation in this case. (*See* docs. 24, 26.) On that date, the Court entered an order stating:

> Although individuals have the right to proceed *pro se*, corporations are fictional legal persons who can only be represented by licensed counsel. *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam); *Southwest Express Co., Inc. v. Interstate Commerce Commission,* 670 F.2d 53, 54-56 (5th Cir. 1982); *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981). When a corporation declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant. *See id.*
>
> The corporate plaintiff must appear through licensed counsel within **TWENTY** (20) days from the date of this order. If licensed counsel has not entered an appearance on behalf of the corporate plaintiff within that time, dismissal of its claims will be recommended.

(*See* doc. 27.) More than twenty days since the date of the order have passed, and no counsel has entered an appearance on behalf of Plaintiff.

## II. ANALYSIS

In the federal courts of the United States, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. It is well-established that although individuals have the right to represent themselves or proceed *pro se* under this statute, corporations are fictional legal persons who may only be represented by licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004) (*per curiam*) (citing *Rowland* and *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (*per curiam*)); *Southwest Express Co., Inc. v. Interstate Commerce Commission,* 670 F.2d 53, 54-56 (5th Cir. 1982). "This is so even when the person seeking to represent the corporation is its president and major stockholder." *In re K.M.A., Inc.,* 652 F.2d 398, 399 (5th Cir. 1981) (citation omitted). When a corporation declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant. *See Donovan,* 736 F.2d at 1005.

Here, Plaintiff's individual principal has been specifically advised that a corporation may only be represented by licensed counsel, and that the lack of an entry of appearance by counsel on Plaintiff's behalf within twenty days would result in a recommendation that its claims be dismissed. Because no attorney has entered an appearance on behalf of Plaintiff in this case, and its individual principal may not represent it *pro se*, its claims are subject to dismissal.

### III.  RECOMMENDATION

The Court should dismiss Plaintiff's claims without prejudice, unless licensed counsel enters an appearance on its behalf within the fourteen-day time for filing objections to this recommendation.

**SO RECOMMENDED on this 14th day of April, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE